BROOKCHESTER TENANTS' RIGHTS CORPORATION, A NON-PROFIT CORPORATION ORGANIZED UNDER THE PROVISIONS OF TITLE 15 OF THE REVISED STATUTES OF NEW JERSEY; AND JEAN McCARTHY AND JOHN McCARTHY, INDIVIDUALLY AND AS REPRESENTATIVES OF THE CLASS OF PERSONS, TENANTS OF AND WITHIN THE SO-CALLED BROOKCHESTER APARTMENT COMPLEX, PLAINTIFFS-RESPONDENTS, v. BRUNETTI APARTMENTS; JOSEPH J. BRUNETTI CONSTRUCTION CO.; BROOKCHESTER APARTMENTS; BROOKCHESTER, SECTION I, INC., BROOKCHESTER, SECTION II, INC.; BROOKCHESTER, SECTION III, INC.; BROOKCHESTER, SECTION IV, INC.; BROOKCHESTER, SECTION V, INC.; BROOKCHESTER, SECTION VI, INC.; BROOKCHESTER, SECTION VII, INC.; BROOKCHESTER, SECTION VIII, INC.; BROOKCHESTER, SECTION IX, INC.; AND BROOKCHESTER, SECTION X, INC., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued February 20, 1973—Decided April 2, 1973.

Before Judges GOLDMANN, FRITZ and LYNCH.

*Mr. Herbert Klitzner* argued the cause for appellants (*Messrs. Okin, Pressler & Shapiro,* attorneys; *Mr. David A. Pressler* of counsel).

*Mr. David Waldman* argued the cause for respondent Brunetti t/a Brookchester, Sections V, VII, VIII and IX, and Brookchester, Sections III, VI and X (*Messrs. Heller & Laiks,* attorneys; *Mr. Murray A. Laiks* of counsel; *Mr. Herbert R. Ezor* on the brief).

*Mr. Eugene L. Dinallo* filed a Statement in lieu of brief on behalf of Brunetti Apartments (which includes Brookchester, Sections I, II and IV).

PER CURIAM. This is an action by a tenants' organization, and a tenant (and his wife) as representatives of a class of tenants in 1,750 apartments owned, operated and managed by the various defendants, and known as Brookchester Apartments.

Plaintiffs allege that the terms of the leases of the apartments, and the regulations imposed thereunder by the landlord, are "onerous and unrealistic," necessary services have been refused, inequitable, unreasonable and illegal rent increases have been exacted, the landlord has refused to renew leases without reason, has made threats of evictions and, generally, "certain undeniable equities have arisen in favor of the tenants." More particularly it is alleged that many of the rent increases were "also contrary to the provisions of the Economic Stabilization Act of 1970, Section 201 et seq., 12 U. S. C. A. Section 1904 [, Note] and Executive Orders Nos. 11615 and 11627 * * *."

Plaintiffs demand judgment: (1) enjoining defendants from raising rents prior to a plenary hearing on the legality and equitability of any proposed rent increases; (2) restraining defendants from evicting any tenant who is current in his rent payments as defined prior to August 15, 1971; (3) restraining defendants from enforcing certain of its lease provisions; (4) restraining defendants from engaging alleged harassment against any tenant; (5) striking alleged oppressive terms from the leases; (6) awarding damages and costs to any tenant who may have overpaid rent; and (7) seeking generally to have this court take over issues between the parties. An order to show cause why the relief demanded in the complaint should not be granted was signed on May 23, 1972, with temporary restraints against defendants prosecuting any actions against the tenants in the Bergen County District Court. On the return day the court dissolved the restraints and ordered the cause to a full trial on the merits.

During the course of discovery plaintiffs served voluminous interrogatories on defendants. An order was entered

striking many of the interrogatories, but compelling defendants to answer Nos. 1, 2, 14 and 15, among others. We granted defendants' motion for leave to appeal from the order with respect to those interrogatories. Nos. 1 and 2 sought defendants' profit and loss statements and balance sheets for the preceding five years. The court modified the time period, so as to require the information for only the preceding two years. Interrogatories Nos. 14 and 15 related to defendants' principal suppliers of materials and services. Plaintiffs contend that the said interrogatories would lead to the discovery of evidence which will support their claims (a) of "inequitable" rents and future increases, as well as other similar asserted inequities in the enforcement of the leases, and (b) that the rents are in violation of the Economic Stabilization Act of 1970, and Executive Orders Nos. 11615 and 11627.[1]

As to (a), we know of no precedent which would justify the Chancery Division exercising its jurisdiction by undertaking the task of reviewing and determining whether the rents in these leases are "equitable." If so here, why not thousands of others? The exercise of equitable jurisdiction rests in the sound discretion of the court. *Metropolitan Life Ins. Co. v. Kaiser,* 137 *N. J. Eq.* 95 (Ch. 1945), and cases cited therein. We are not persuaded that any equity powers which may exist should be exercised in these circumstances, or in disgorging the information sought by these interrogatories.

Plaintiffs cite *Brookchester, Inc. v. Matthews,* 118 *N. J. Super.* 565 (Cty. Dist. Ct. 1972), for the proposition that the Federal courts do not have exclusive jurisdiction to determine compliance *vel non* with the Economic Stabilization

---

[1] Ex. Ord. No. 11615, Aug. 15, 1971, 36 C. F. R. 15727 as amended by Ex. Ord. No. 11617, Sept. 2, 1971, 36 C. F. R. 17813, was superseded by Ex. Ord. No. 11627, Oct. 15, 1971, 36 C. F. R. 20139.

Ex. Ord. No. 11627, Oct. 15, 1971, 36 C. F. R. 20139, was amended by Ex. Ord. No. 11630, Oct. 30, 1971, 36 C. F. R. 21023.

Act and the Executive Orders pursuant thereto. Perhaps not, but it does not follow that our courts should exercise any concurrent jurisdiction here. In *Matthews,* the Federal statute was invoked because the jurisdiction of the District Court to dispossess a tenant after default in rent encompassed the question as to whether the rent was due and *owing.* "Obviously," said the court in *Matthews,* "a rent which is in excess of and violates the Economic Stabilization Act cannot be legally owing." 118 *N. J. Super.* at 571. There was no question, as here, as to whether discretion was to be exercised in assuming jurisdiction. It was mandated by the statutory dispossess proceeding.

As to (b), counsel for plaintiffs conceded at oral argument that the Economic Stabilization Act is not related to "profit and loss" or suppliers and their relation to a landlord. Therefore, interrogatories Nos. 1, 2, 14 and 15 would not lead to the discovery of relevant evidence and are improper. The order compelling answers thereto is reversed.